UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                                      Plaintiff,

MR. JUAN M. RODRIGUEZ-PEREZ,

                               Plaintiff-Intervenor,

                         -vs-

SSM & RC INCORPORATED, a/k/a SSM & RC.,
Inc., d/b/a Spring Sheet Metal & Roofing,

                                    Defendant.

DECISION AND ORDER

05-CV-6495-CJS

_____

**APPEARANCES**

For Plaintiff:                    Elizabeth Grossman, Esq.
                               Estela Diaz, Esq.
                               Nora E. Curtin, Esq.
                               U.S. Equal Employment Opportunity Commission
                               New York District Office
                               33 Whitehall Street, 5th Floor
                               New York, NY 10004-2112
                               (212) 336-3696

For Plaintiff-Intervenor:      Erin M. Sobkowski, Esq.
                               Matthew J. Fusco, Esq.
                               Chamberlain D'Amanda
                               1600 Crossroads Building
                               Two State Street
                               Rochester, NY 14614
                               (585) 232-3730

| | |
|---|---|
| For Defendants: | Joseph F. Becker, Esq.<br>Mountain States Legal Foundation<br>2596 South Lewis Way<br>Lakewood, CO 80227 |
| | Richard T. Bell, Esq.<br>Gates & Adams<br>28 E. Main Street, Suite 600<br>Rochester, NY 14614 |

## INTRODUCTION

**Siragusa, J.** This employment discrimination case is before the Court on defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), both the plaintiff's complaint and the plaintiff-intervenor's complaint for failure to state a cause of action. Defendant contends that the complaints allege only that plaintiff-intervenor was discharged because he failed to speak English, which, defendant argues, does not support plaintiffs' contention that defendant discriminated against him on the basis of his national origin. For the reasons stated below, the defendants' motion is denied.

## BACKGROUND

Plaintiff is the Equal Employment Opportunity Commission and plaintiff-intervener is Juan Rodriguez-Perez. Defendant is variously identified by its corporate identity, SSM & RC Incorporated, or SSM & RC Inc., and its "doing business as" identity, Spring Sheet Metal and Roofing Co. Plaintiff's complaint alleges the following:

> 13. Since approximately December 2003, Defendant SSM & RC Incorporated has engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2. These practices include, but are not limited to, the following:

> a. Defendant discriminated against Juan M. Rodriguez-Perez on the basis of his national origin (Hispanic/Cuban) when its Foreman fired Mr. Rodriguez-Perez because Mr. Rodriguez-Perez spoke Spanish in the workplace and was not fluent in speaking or understanding English, and Defendant failed to recall Mr. Rodriguez-Perez.

Plaintiff-intevenor's complaint makes the following factual allegations:

> 8. Mr. Rodriguez Perez is an Hispanic male whose nation of origin is Cuba.
>
> 9. Mr. Rodriguez-Perez[1] began employment with the defendants in October 2003 as an Apprentice Roofer. Plaintiff believes he has always been more than a satisfactory employee.
>
> 10. While Mr. Rodriguez-Perez is not proficient in the English language, it did not prevent him from successfully performing the duties of his position.
>
> 11. On or about December 6, 2003, Mr. Rodriguez-Perez was told by a foreman of the defendants that the defendants needed employees who could speak English and he [Mr. Rodriguez-Perez] should go home.
>
> 12. Mr. Rodriguez-Perez understood the statements by the foreman to mean that his employment with the defendants had been terminated.

(Pl.-Intervenor Compl. ¶¶ 8-12.) The same allegations are made against defendant Spring Sheet Metal and Roofing Co. Inc. (*Id*. ¶ 14.) Plaintiff, EEOC, raises one cause of action for intentional discrimination "done with malice or with reckless indifference to the federally protected rights of Mr. Rodriguez-Perez." Plaintiff-intervenor, Juan Rodriguez-Perez, raises four causes of action: (1) willful and intentional discrimination on the basis of Mr. Rodriguez-Perez's national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)[2] [sic] *et seq*.; (2) intentional retaliation based on plaintiff-

---

[1] In this and subsequent paragraphs, plaintiff-intervenor is referred to with a hyphen between his two names, but in the preceding paragraph, the hyphen is not used.

[2] As in the complaint. Probably a reference to 42 U.S.C. § 2000e- since there is no § 2000 in Title 42. *See* Title 42, Chapter 21 – Civil Rights.

intevenor's opposition to defendant's discriminatory practices in violation of 42 U.S.C. § 2000(e)(3)(a)[3] [sic] and the Civil Rights Act of 1991; (3) national origin discrimination against plaintiff-intevenor in violation of New York Executive Law § 296(1)(a); and (4) discrimination against plaintiff-intevenor on the basis of his opposition to defendant's unlawful discriminatory practices in violation of Executive Law § 296(1)(a).

**STANDARDS OF LAW**

*Rule 12(b)(6) Standard*

In considering a motion for dismissal under Federal Rule of Civil Procedure 12, defendant must show that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See H.J. Inc. v. Northwest Bell Telephone Co.*, 492 U.S. 229, 249 (1989); *see also* 2 Moore's Federal Practice, § 12.34[1][a] (Matthew Bender 3d ed.). "In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir., 1991).The Court must view the complaint, and draw all reasonable inferences, in the light most favorable to the non-

---

[3] Probably a reference to 42 U.S.C. § 2000e-3(a), which states, in pertinent part, "(a) Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings. It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a) (1972).

moving party. *Id.*; *see also* 2 Moore's Federal Practice, § 12.34[1][b] (Matthew Bender 3d ed.) (court must accept plaintiff's factual allegations as true).

Under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "all pleadings shall be so construed as to do substantial justice," Fed. R. Civ. P. 8(f). On a Rule 12(b)(6) motion, the issue before the Court "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

> Finally, while the plaintiff need not set out in detail the facts upon which he bases a claim, he must provide the "defendant fair notice of the nature of the claim and the grounds upon which it rests." *Washington v. James*, 782 F.2d 1134, 1140 (2d Cir. 1986) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 [1957]). Where the allegations are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, they are meaningless as a practical matter and legally insufficient to state a claim. *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (*citing Ostrer v. Aronwald*, 567 F.2d 551, 553 [2d Cir. 1977]; *Koch v. Yunich*, 533 F.2d 80, 85 (2d Cir. 1976); *Powell v. Jarvis*, 460 F.2d 551, 553 [2d Cir. 1972]).

*Parisi v. Coca-Cola Bottling Co.*, 995 F. Supp. 298, 300–01 (E.D.N.Y. 1998).

Since the motion is brought under Federal Rule of Civil Procedure 12(b)(6), the Court must presume that the allegations in the complaint are true and resolve all doubts and inferences in favor of the non-moving party. *Wright v. Ernst & Young LLP*, 152 F.3d 169,173 (2d Cir.1998). Plaintiff EEOC has relied upon documents outside the complaint in support of its position. As the Court of Appeals stated, "[f]or purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference…and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing

moving party. *Id.*; *see also* 2 Moore's Federal Practice, § 12.34[1][b] (Matthew Bender 3d ed.) (court must accept plaintiff's factual allegations as true).

Under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "all pleadings shall be so construed as to do substantial justice," Fed. R. Civ. P. 8(f). On a Rule 12(b)(6) motion, the issue before the Court "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

> Finally, while the plaintiff need not set out in detail the facts upon which he bases a claim, he must provide the "defendant fair notice of the nature of the claim and the grounds upon which it rests." *Washington v. James*, 782 F.2d 1134, 1140 (2d Cir. 1986) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 [1957]). Where the allegations are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, they are meaningless as a practical matter and legally insufficient to state a claim. *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (*citing Ostrer v. Aronwald*, 567 F.2d 551, 553 [2d Cir. 1977]; *Koch v. Yunich*, 533 F.2d 80, 85 (2d Cir. 1976); *Powell v. Jarvis*, 460 F.2d 551, 553 [2d Cir. 1972]).

*Parisi v. Coca-Cola Bottling Co.*, 995 F. Supp. 298, 300–01 (E.D.N.Y. 1998).

Since the motion is brought under Federal Rule of Civil Procedure 12(b)(6), the Court must presume that the allegations in the complaint are true and resolve all doubts and inferences in favor of the non-moving party. *Wright v. Ernst & Young LLP*, 152 F.3d 169,173 (2d Cir.1998). Plaintiff EEOC has relied upon documents outside the complaint in support of its position. As the Court of Appeals stated, "[f]or purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference…and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing

the suit…." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citation omitted). Thus, the Court will employ the same rule in examining the papers outside the complaint relied upon by the parties here, noting, however, that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (citations omitted).

### *N.Y. Human Rights Law*

Plaintiff also makes a claim under the New York State Human Rights Law, codified at New York Executive Law § 296. That statute makes it an unlawful discriminatory practice,

> for an employer or licensing agency, because of the age, race, creed, color, national origin, sex, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

N.Y. Exec. Law § 296(1)(A). The Court notes that the elements of Title VII and New York Discrimination Law claims "can be analyzed, for purposes of determining sufficiency of the evidence, in a manner virtually identical to those under Title VII." *Gallagher v. Delaney*, 139 F.3d 338, 345 (2d Cir. 1998).

> Section 2000e-2 provides in pertinent part as follows:
>
> (a) Employer practices
>
> It shall be an unlawful employment practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin….

42 U.S.C.A. § 2000e-2(a)(1) (1991).

## ANALYSIS

Defendant contends that,

> [t]he sole complaint of both the EEOC and Mr. Rodriguez-Perez is that Spring Sheet Metal requires employees who can speak English. Even if true, such necessity does not give rise to a statutory discrimination claim. Demonstrating only that Mr. Rodriguez-Perez was terminated for violating an English-only policy does not satisfy this burden. "Classification on the basis of language does not by itself 'identify members of a suspect class' and would not support an inference of intentional national origin discrimination." *Velzsquez v. Goldwater Memorial Hosp.*, 88 F. Supp. 2d 257, 262 (S.D.N.Y. 2000) (citing *Soberal-Perez v. Heckler*, 717 F.2d 36, 41 (2d Cir. 1983)).

(Def.'s Mem. in Support at 3.) Plaintiff EEOC, who has been charged by Congress with interpreting Title VII, has enacted the following regulations:

> § 1606.6[4]
>
> (b) The Commission has found that the use of the following selection procedures may be discriminatory on the basis of national origin. Therefore, it will carefully investigate charges involving these selection procedures for both disparate treatment and adverse impact on the basis of national origin. However, the Commission does not consider these to be exceptions to the "bottom line" concept:
>
> (1) Fluency-in-English requirements, such as denying employment opportunities because of an individual's foreign accent,[5] or inability to communicate well in English.[6]
>
> * * *
>
> § 1606.7 Speak-English-only rules.

---

[4] Plaintiff cites to 29 C.F.R. §1606(b)(1). (Pl.'s Mem. of Law at 9.) The Court is unable to find a portion of 29 C.F.R. that is labeled simply "1606" and, from the context, presumes plaintiff meant to cite to § 1606.6, which the Court quotes here.

[5] Footnote 5 in the quoted portion reads as follows: "*See* CD AL68-1-155E (1969), CCH EEOC Decisions ¶ 6008, 1 FEP Cases 921."

[6] Footnote 6 in the quoted portion reads as follows: "*See* CD YAU9-048 (1969), CCH EEOC Decisions ¶ 6054, 2 FEP Cases 78."

> (a) When applied at all times. A rule requiring employees to speak only English at all times in the workplace is a burdensome term and condition of employment. The primary language of an individual is often an essential national origin characteristic. Prohibiting employees at all times, in the workplace, from speaking their primary language or the language they speak most comfortably, disadvantages an individual's employment opportunities on the basis of national origin. It may also create an atmosphere of inferiority, isolation and intimidation based on national origin which could result in a discriminatory working environment. n7 Therefore, the Commission will presume that such a rule violates title VII and will closely scrutinize it.
>
> n7 See CD 71-446 (1970), CCH EEOC Decisions [Para.] 6173, 2 FEP Cases, 1127; CD 72-0281 (1971), CCH EEOC Decisions [Para.] 6293.
>
> (b) When applied only at certain times. An employer may have a rule requiring that employees speak only in English at certain times where the employer can show that the rule is justified by business necessity.
>
> (c) Notice of the rule. It is common for individuals whose primary language is not English to inadvertently change from speaking English to speaking their primary language. Therefore, if an employer believes it has a business necessity for a speak-English-only rule at certain times, the employer should inform its employees of the general circumstances when speaking only in English is required and of the consequences of violating the rule. If an employer fails to effectively notify its employees of the rule and makes an adverse employment decision against an individual based on a violation of the rule, the Commission will consider the employer's application of the rule as evidence of discrimination on the basis of national origin.

29 C.F.R. §§ 1606.6(b)(1) and 1606.7 (45 FR 85635, Dec. 29, 1980). With respect to the motion to dismiss, the Court concludes that this regulation tips the balance in favor of the plaintiffs.

The case relied upon by defendant, *Velzsquez v. Goldwater Memorial Hosp.*, 88 F. Supp. 2d 257, 262 (S.D.N.Y. 2000), involved a summary judgment motion. The district court there analyzed the application of 29 C.F.R. § 1606.7 to the situation, and determined that,

> To the extent that plaintiff's argument would require the Court to read this regulation to allow her to circumvent her burden of proving discriminatory intent by creating a presumption of discrimination, the guideline is inconsistent with the plain language of the statute.[7] Pursuant to Title VII, a plaintiff must demonstrate that the defendant employer took the adverse employment action "because of" her protected status. See 42 U.S.C. § 2000e-2(a)(1-2). Accordingly, in order to make out a disparate treatment claim that can survive this motion for summary judgment, there must be a triable issue of fact as to whether defendants intentionally discriminated against Velasquez on the basis of her national origin. *See Watson v. Fort Worth Bank and Trust*, 487 U.S. 977, 986 (1988). Discriminatory intent is "the critical issue." *Smith v. Xerox Corp.*, 196 F.3d 358, 370 (2d Cir. 1999).
>
> Demonstrating only that she was terminated for violating an English-only policy does not satisfy this burden.

*Velasquez,* 88 F. Supp. 2d at 262 & n.4 (S.D.N.Y. 2000). Here, the Court must read the complaints and draw all reasonable inferences, in the light most favorable to the non-moving party. From the pleadings' language, the Court finds that both plaintiffs have alleged intentional discrimination on the basis of Mr. Rodriguez-Perez's inability to speak English. Under the interpretation of the English-only rule quoted above, this "disadvantages an individual's employment opportunities on the basis of national origin." 29 C.F.R. § 1606.7(a). As the district court in *Velasquez* pointed out, however, plaintiffs must still meet their burden of proof when put to it either by a dispositive motion, or at trial. For now, however, the complaints may go forward as plead.

---

[7]Footnote 4 in the quoted portion reads as follows: "[4]The analysis is the same even if plaintiff were to argue that the English-only policy was applicable at all times. See 29 C.F.R. § 1606.7(a)."

## CONCLUSION

Defendant's motion (# 19) to dismiss the complaint is denied.

IT IS SO ORDERED.

Dated: February 15, 2007
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge