UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                                              Plaintiff,

MR. JUAN M. RODRIGUEZ-PEREZ,

                         Intevenor-Plaintiff,       DECISION and ORDER

                          -vs-                                05-CV-6495-CJS

SSM & RC INCORPORATED, a/k/a SSM & RC.,
Inc., d/b/a Spring Sheet Metal & Roofing, and
SPRING SHEET METAL AND ROOFING CO. INC.,

                                           Defendants.
_____

**APPEARANCES**

| | |
|---|---|
| For Plaintiff: | Elizabeth Grossman, Esq.<br>Estela Diaz, Esq.<br>Nora E. Curtin, Esq.<br>U.S. Equal Employment Opportunity Commission<br>New York District Office<br>33 Whitehall Street 5th Floor<br>New York, NY 10004-2112<br>(212) 336-3696 |
| For Plaintiff-Intervenor: | Erin M. Sobkowski, Esq.<br>Matthew J. Fusco, Esq.<br>Chamberlain D'Amanda<br>1600 Crossroads Building<br>Two State Street<br>Rochester, NY 14614<br>(585) 232-3730 |
| For Defendants: | Joseph F. Becker, Esq.<br>Mountain States Legal Foundation<br>2596 South Lewis Way<br>Lakewood, CO 80227<br>(303) 292-2021 |

Richard T. Bell, Esq.
Gates & Adams
28 E. Main Street Ste. 600
Rochester, NY 14614
(585) 232-6900

## INTRODUCTION

**Siragusa, J.** This employment discrimination case is before the Court on plaintiff EEOC's[1] motion to strike the first, second and third affirmative defenses contained in the answer of defendants SSM & RC Incorporated, a/k/a/ SSM& RC., INC., d/b/a Spring Sheet Metal and Roofing, and Spring Sheet Metal and Roofing Co. Inc. ("defendants") to EEOC's complaint (# 1), pursuant to Federal Rule of Civil Procedure 12(f). For the reasons stated below, the Court grants EEOC's motion.

## BACKGROUND

In it's earlier decision denying defendants' motion to dismiss (# 29), the Court outlined the background of this case, including EEOC's and plaintiff-intevenor's contentions. Familiarity with the Court's prior decision will be presumed.

## STANDARDS OF LAW

***Rule 12(f) Standard***

In *Cohen v. Elephant Wireless, Inc.*, No. 03 Civ. 4058(CBM), 2004 WL 1872421, *2 (S.D.N.Y. Aug. 19, 2004), the Southern District discussed the standards applied with regard to a motion to strike pursuant to Federal Rule of Civil Procedure 12(f):

---

[1] Plaintiff Equal Opportunity Commission (EEOC) is moving here, not plaintiff-intevenor Mr. Juan M. Rodriguez-Perez.

> Federal Rule of Civil Procedure 12(f) allows a court to strike "from any pleading any insufficient defense." Fed. R. Civ. P. 12(f). The standard that applies to a motion to strike is the "mirror image" of the standard on a 12(b)(6) motion to dismiss for failure to state a claim. *See Sony Fin. Servs., LLC v. Multi Video Group, Ltd.*, 2003 WL 22928602, at 8 (S.D.N.Y. Dec. 12, 2003) Motions to strike are generally disfavored and courts will not strike an affirmative defense unless the defense is clearly insufficient as a matter of law. *See Avent v. Solfaro*, 210 F.R.D. 91, 94 (S.D.N.Y.2002); *Forschner Group, Inc. v. B-line A.G.*, 943 F. SUPP. 287, 291 (S.D.N.Y.1996). *See also Ulla-Maija, Inc. v. Kivimaki*, 2003 WL 160777, at 4 (S.D.N.Y.2003) (motion[s] to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation"). In addition, the moving party must also show that it would be prejudiced if the defense were to remain in the pleading. *See Avent*, 210 F.R.D. at 94. Increased time and expense of trial may warrant a court in granting a Rule 12(f) motion and a court should strike a defense to eliminate the delay and unnecessary expense from litigating an invalid claim when it is insufficient as a matter of law. *See Estee Lauder, Inc. v. The Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y.1999).

*Cohen v. Elephant Wireless, Inc.*, No. 03 Civ. 4058(CBM), 2004 WL 1872421, *2 (S.D.N.Y. Aug. 19, 2004).

**ANALYSIS**

EEOC contends that the following affirmative defenses are legally insufficient: (1) that the complaint fails to state a claim upon which relief can be granted ("first affirmative defense"); (2) that the complaint is barred by the First Amendment to the United States Constitution ("second affirmative defense"); and (3) that the complaint is barred by estoppel ("third affirmative defense"). In support of its argument, EEOC submits that: (1) this Court already determined that its complaint states a claim for which relief can be granted; (2) the First Amendment does not exempt defendants from complying with Title VII; and (3) estoppel is not a defense available against the United States. Thus, EEOC

argues that the defenses are not cognizable as a matter of law and should be stricken from the Answer.

***First Affirmative Defense***

In support of its contention that defendants' first affirmative defense must be stricken, EEOC argues that the Court already found its complaint stated a cause of action. The Court's prior decision, denying defendants' motion to dismiss plaintiffs' complaints, stated in pertinent part as follows:

> From the pleadings' language, the Court finds that both plaintiffs have alleged intentional discrimination on the basis of Mr. Rodriguez-Perez's inability to speak English. Under the interpretation of the English-only rule quoted above, this "disadvantages an individual's employment opportunities on the basis of national origin." 29 C.F.R. § 1606.7(a). As the district court in *Velasquez* pointed out, however, plaintiffs must still meet their burden of proof when put to it either by a dispositive motion, or at trial. For now, however, the complaints may go forward as plead.

(Decision and Order, *Equal Employment Opportunity Commission v. SSM & RC Incorporated et al.*, No. 05-CV-6495-CJS (Feb. 21, 2007).) In opposition to EEOC's motion, defendants assert that,

> The sole complaint of both the EEOC and Mr. Rodriguez-Perez is that Defendants require employees who can speak English. Even if true, such necessity does not give rise to a statutory discrimination claim. Demonstrating only that Mr. Rodriguez-Perez was terminated for violating an English-only policy does not satisfy this burden. "Classification on the basis of language does not by itself 'identify members of a suspect class' and would not support an inference of intentional national origin discrimination." *Velasquez v. Goldwater Memorial Hosp.*, 88 F. Supp.2d 257, 262 (S.D.N.Y. 2000) (citing *Soberal-Perez v. Heckler*, 717 F.2d 36, 41 (2d Cir. 1983)).

(Pl.'s Mem. of Law (# 38), at 4.) Based upon its review of the complaint filed in this action, the Court previously determined that both plaintiffs have sufficiently alleged intentional discrimination. (Compl. (# 1) ¶13.a. (alleging national origin discrimination); Compl. (# 15) ¶ 14 (alleging national origin discrimination).) Whether the EEOC and plaintiff-intervenor

can meet their burden of proof remains to be seen, but at this stage in the litigation, the Court has determined that neither complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Accordingly, defendants' first affirmative defense must be stricken.

### *Second Affirmative Defense*

Defendants' second affirmative defense is that "EEOC's Complaint is barred by the First Amendment to the United States Constitution." (Answer (# 30), at 3.) In that regard, they contend that, "[t]his lawsuit centers on Defendants' termination of Mr. Rodriguez-Perez's employment on the basis of his national origin in violation of Title VII, and does not implicate Defendants' First Amendment rights." (EEOC Mem. of Law, at 5.) Defendants respond that, "[w]here, as here, Congress has not acted specifically to make 'language discrimination' illegal, defendants enjoy a First Amendment right to conduct business in the language(s) of their choosing." As previously stated, EEOC has plead national origin discrimination under Title VII. The Supreme Court addressed constitutional defenses to Title VII in *Wisconsin v. Mitchell*, 508 U.S. 476 (1993). There, the Court wrote,

> Title VII of the Civil Rights Act of 1964, for example, makes it unlawful for an employer to discriminate against an employee "*because of* such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). In *Hishon* [*v. King & Spalding*, 467 U.S. 69, 78 (1984)], we rejected the argument that Title VII infringed employers' First Amendment rights. And more recently, in *R. A. V. v. St. Paul*, 505 U.S. at 389-390, we cited Title VII (as well as 18 U.S.C. § 242 and 42 U.S.C. §§ 1981 and 1982) as an example of a permissible content-neutral regulation of conduct.

*Mitchell*, 508 U.S. at 487. Defendants counter that in each of those cases

> the speech curtailed was related to that which Congress has acted to make specifically illegal (*e.g.*, "sexually derogatory 'fighting words'" in Title VII's general prohibition against sexual discrimination in employment practices, *R.A.V. v City of St. Paul*, 505 U.S. 377 (1992), and "race, color, religion, sex,

or national origin,"[2] *Wisconsin v. Mitchell*, 508 U.S. 476, 487 (1993)). The EEOC, of course, cites no cases to suggest that the EEOC's *ultra vires* guideline with respect to language discrimination justifies curtailment of vital First Amendment protections.

(Def.s' Mem. of Law (# 38), at 7.) Here, plaintiffs have alleged national origin discrimination and defendants have denied it. EEOC's regulation, 29 C.F.R. § 1606.7(a), provides a means by which to argue that plaintiff-intevenor's inability to speak English fluently is *evidence* of national origin discrimination. Accordingly, the Court grants EEOC's motion to strike the second affirmative defense.

### *Third Affirmative Defense*

With regard to the third affirmative defense, defendants' theory is that plaintiff-intervenor told a New York State agency that his employment was terminated because of lack of work, and that counsel so informed the EEOC prior to the institution of this lawsuit. Therefore, defendants argue, the EEOC committed misconduct in making its determination that a discrimination complaint lay in this case, and EEOC should be estopped from pursuing this action. Here, defendants have alleged only that, "[p]laintiff EEOC's Complaint is barred by estoppel." (Answer (# 30), at 3.) This conclusory allegation is insufficient to have put EEOC on notice as to the basis for the estoppel defense. Accordingly, the Court determines that it is insufficient as a matter of law, and must be stricken.

---

[2] In that case, the Supreme Court wrote that, "[r]espondent Todd Mitchell's sentence for aggravated battery was enhanced because he intentionally selected his victim on account of the victim's race. The question presented in this case is whether this penalty enhancement is prohibited by the First and Fourteenth Amendments. We hold that it is not." *Wisconsin v. Mitchell*, 508 U.S. 476, 479 (1993).

Case 6:05-cv-06495-CJS-JWF   Document 42   Filed 06/01/07   Page 7 of 7

-7-

## CONCLUSION

Accordingly, EEOC's motion (# 33) to strike the first, second and third affirmative defenses is granted.

IT IS SO ORDERED.

Dated: May 31, 2007
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE

Case 6:05-cv-06495-CJS-JWF   Document 42   Filed 06/01/07   Page 7 of 7

-7-